■ In the Matter of City University of New York, Respondent, v Professional Staff Congress, Appellant. [837 NYS2d 121]—

Order and judgment (one paper), Supreme Court, New York County (Lottie E. Wilkins, J.), entered January 29, 2007, vacating an arbitration award, unanimously affirmed, without costs.

After a personnel file was made available to the affirmative action officer (AAO) of the City College of New York in response to a discrimination complaint filed by one of its assistant professors who was denied a promotion, respondent Professional Staff Congress (the Union), the certified collective bargaining representative of the instructional and administrative employees of petitioner City University of New York (CUNY), submitted a grievance under the parties' collective bargaining agreement (CBA). The grievance claimed that the AAO was given improper access to the subject file, known as an "administration file," which, under the CBA, was to be "available only to the committee and individuals responsible for the review and recommendation of the employee with respect to appointment, reappointment, promotion or tenure." Following rejection of the grievance in the first two steps of the grievance procedure, the Union demanded arbitration, and obtained a favorable award directing CUNY "to cease and desist from unilaterally demanding production of [Union] members' administration files to City College's Affirmative Action Officer." CUNY then instituted this proceeding to vacate the arbitration award.

While we are mindful that judicial restraint under the "extremely narrow" public policy exception to an arbitrator's power to resolve disputes "is particularly appropriate in arbitrations pursuant to public employment collective bargaining agreements" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 80 [2003] [internal quotation marks and citation omitted]), nevertheless, the award should be vacated, especially in light of the strong public policy requiring employers to investigate discrimination complaints by their employees and take necessary corrective action (*see Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 256 [1995]). Within the context of its statutory duty to employ qualified teachers, a school administration "cannot bargain away its right to inspect teacher personnel files and . . . a provision in a collective bargaining

agreement which might reflect such a bargain is unenforceable as against public policy" (*Board of Educ., Great Neck Union Free School Dist. v Areman*, 41 NY2d 527, 534 [1977]; *see also Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563, 572 [2006]). Accordingly, in the context of its duty to investigate discrimination complaints, it would be against public policy for CUNY to bargain away its right to inspect administration files. Concur—Friedman, J.P., Marlow, Williams, Buckley and McGuire, JJ.